METHODIST EPISCOPAL PARISH IN GUILFORD, and vicinity,

*vs.*

WILLIAM W. CLARKE.

Piscataquis.   Opinion August 2, 1882.

*Practice.   New trial.   Contract.   Principal and agent.   Ratification.*

An action was tried to the jury in 1878. But beyond a naked entry on the law docket it did not make its appearance in the law court until the June term, 1882, when it was presented with written arguments upon exceptions, and motion filed by the defendant to set aside the verdict as against evidence. *Held,* That if there was ever any ground for the motion, the defendant had lost it by the delay.

A verdict will not be set aside for trivial faults, such as an error in the title of the case, when the identification of the finding is complete, and the merits and intelligibleness of the proceedings are not affected.

The defendant made and executed on his own part, in due form, an agreement under seal, to slate the roof of the plaintiffs' meeting-house in a good, substantial and workmanlike manner, and to warrant the same against leaking for ten years from the completion of the job, plaintiffs to pay him a certain sum therefor in stated installments. The instrument was executed by only one of the plaintiffs' building committee of three; and there was never any vote authorizing the committee to enter into a contract under seal. But the plaintiffs paid the sum agreed to the defendant, and allowed it in the settlement of its treasurer's accounts. *Held,* That the defendant was liable for any breach of his covenants, notwithstanding the contract was not so executed by the plaintiffs in the outset as to enable him to maintain an action of covenant against them thereon; and that he could not sustain exceptions to instructions authorizing the jury to find that the plaintiffs had ratified the contract, and made it a valid and binding contract between the parties, if their acts and doings satisfied the jury that such was their intention. *Held, further,* That proof that one of the leaks was caused by the negligence of

the plaintiffs' employees, would not preclude the plaintiffs from recovering for damage caused by other leakages elsewhere on the roof arising from causes for which the defendant was responsible on his covenants, and that the rule respecting the effect of contributory negligence on a plaintiffs' right to maintain an action did not apply to such a matter.

ON exceptions and motion to set aside the verdict.

Action of covenant broken, in which the plaintiffs seek to recover damages for the non-performance, by the defendant, of his contract of July 23, 1872, under seal, in which he covenanted and agreed to slate the roof of the meeting-house, then in process of erection by the plaintiffs, in a good, substantial and workmanlike manner, and to furnish everything necessary therefor,—slate, paper, nails and zinc,—to complete the roof after it was boarded, "and to warrant it from leaking, for the space of ten years from the time the same is completed." And the parish, in the same contract which was signed on its part by one of its three members of its building committee, promised to pay the defendant therefor, the sum of two hundred and forty-five dollars in stated installments. And in accordance with that contract, the plaintiffs paid the defendant as provided by the contract.

There was never any vote of the parish authorizing the building committee to enter into a contract under seal.

The verdict. which gave the title of the case as "*Methodist Episcopal Parish* v. *William W. Clarke*," was for plaintiffs, and damages were assessed at $285. And the following special finding was returned by the jury.

"State of Maine, Piscataquis, ss. Supreme Judicial Court, September term, 1878. *Methodist Episcopal Church* v. *William W. Clarke*. Did the defendant slate the roof of the plaintiffs' meetinghouse, in a good, substantial and workmanlike manner, as required by his contract? *Answer*. No."

Other material facts are stated in the opinion.

*A. M. Robinson*, for the plaintiffs, cited: Story on Agency, 247, 252; Parson's Contr. 2 ed. 47; *Dispatch line* v. *Bellany M'f'g Co.* 12 N. H. 205.

*Josiah Crosby*, for the defendant.

The presiding justice in his charge recognized the doctrine, that an unauthorized contract under seal, in order to be effectual, must be ratified by a scaled instrument in some cases; but he said that rule did not apply to this case, "for the reason that the subject matter of this contract, was one by which the parties might have contracted, and bound themselves by a simple contract not under seal, as by a sealed contract." This was clearly erroneous. Story, Agency, § § 242, and cases cited, 49, 252. The only exception is in cases of co-partnership. Story, Partnership, § 122; *Cady* v. *Shepherd*, 11 Pick. 400; *Gram* v. *Seton and Bunker*, 1 Hall, 262.

An action of covenant broken cannot be maintained upon a sealed contract, depending upon a ratification, unless that, also, is under seal. The question is not whether assumpsit might have been maintained upon the contract in suit, but it is whether this action—covenant broken,—can be maintained. That cannot be done. *Hanford* v. *McNair*, 9 Wend. 54.

Counsel further ably argued the questions arising upon his motion to set aside the verdict.

BARROWS, J. The record shows that this case was tried to the jury in 1878. But beyond a naked entry on the law docket, it did not make its appearance in the law court until the June term, 1882, when it was presented with written arguments upon exceptions and motion filed by the defendant, to set aside the verdict as against evidence.

If there was ever any ground for the motion, the defendant has lost it by this delay. The judge who tried the case and might have given us some light upon questions of credibility and the like, has completed his official term and left the bench; and the defendant's counsel expressly admits that the plaintiffs make a plausible case for damages, if the testimony favorable to them is selected, and that favorable to the defendant is ignored. The jury, if they believed the former and did not believe the latter, not only had the right but it was their duty to do this; and, with this admission, all foundation for the motion vanishes, unless it can be made to appear that the damages were excessive or that one

of the technical objections to the form of the verdict should be sustained. Defendant's counsel makes no point upon either of these matters in argument, except to suggest that the special finding should be thrown out because the word "church" is substituted for "parish," in the title or heading. But notwithstanding this mistake, the identification of the finding is complete. Defendant's counsel himself, expresses no doubt of the fact that it was made by the jury sitting upon this case and returned with the general verdict. We see no more reason to reject it than there is to set aside the general verdict because the entire appellation of the plaintiffs, as given in the writ, was not prefixed to that. In both cases, enough appears in the record to show the relation of the proceeding, which is called in question, to the suit as docketed, in the absence of anything indicating a chance of mistake.

To vacate the deliberate proceedings of judge and jury for such trivial faults not affecting their merits or their intelligibleness, would comport better with the never-ending subtleties of the schoolmen than with the sensible and discrete administration of justice, and would be, in spirit, at least a violation of the statute which forbids the arrest or reversal of any proceeding for circumstantial errors or mistakes, by law amendable, when the person and case can be rightly understood. Nor do we find anything in the exceptions which entitles the defendant to a new trial.

The most prominent exception is based upon a ruling allowing the jury to find a ratification by the plaintiffs of the contract on which their action is founded, under the following facts and circumstances. The subject matter of the contract was the sheathing and slating of the roof of plaintiffs' meetinghouse, in 1872, by the defendant, in a good, substantial and workmanlike manner, he to furnish all the materials as well as the work, and to warrant the roof from leaking, for ten years from the time of its completion and the plaintiffs were to pay him therefor, a certain sum in stated installments. This was the substance of what the parties mutually "covenanted and agreed,"—"in witness whereof, we the said Clarke and said parish, by their building committee,

have hereunto set our hands and seals," &c. The contract was made under seal and subscribed by the defendant and by one Young, of the building committee; but defendant denies his liability, because the building committee consisted of three persons, and so the contract was not well executed to bind the parish and he excepts to instructions which authorized the jury to find that the plaintiffs ratified the contract thus imperfectly executed and made it a valid and binding contract between the parties, though made under seal without authority, if, with a knowledge of the fact that its execution was thus deficient, they did acts which satisfied the jury of their intention to ratify it, such as allowing the payments made by their treasurer thereon — and this, on the ground that as the seal was not essential to the validity or effect of the contract, the contract itself might be ratified by parol.

There is nothing in these instructions which gives the defendant any just cause of complaint. The question presented, was not whether a parol ratification by a principal, whose agent had, without authority, entered into a contract under seal in his behalf, would make such contract binding, so that an action of covenant broken might be maintained against such principal thereupon, but whether a party who has duly executed a covenant under seal, after he has accepted the performance by the other party of all that was required on his part by the agreement, can be exonerated therefrom because the party who has performed was not originally legally bound. It is plain that the defendant after receiving the money which the plaintiffs were to pay for the performance of his undertaking, cannot avoid his own valid execution of the covenant, upon the ground that the party who has performed could not in the outset have been compelled to do so.

The case is well within the doctrine of *Worrall* v. *Munn and Prall*, 1 Selden, 229, where it was held that a contract for the sale of lands, executed by the vendor only, but delivered to and accepted by the purchaser and acted on by him, can be enforced against such purchaser; but, whether binding on such purchaser or not, such contract can be enforced either at law or in equity against

the vendor and want of mutuality is no defense. The party who subscribed and delivered the contract as his deed, is estopped by his signature from denying that it was well executed although not signed by the other party. In the discussion of that case, the court well say that " there is no solid foundation of reason or principle for a distinction between partners and other persons in the application of the rule, that if the instrument would be effectual without a seal, the addition of a seal will not render an. authority under seal necessary, and if executed under a parol. authority, or subsequently ratified or adopted by parol, the instrument or act will be valid and binding on the principal." So, too, in *Grain* v. *Seton and Bunker*, 1 Hall, 283, it was held under like conditions, that subsequent ratification or adoption of the act of an agent, makes the agent's seal the seal of the principal and principal thereby becomes liable to an action of covenant on the contract as his own deed. And in note *a*, to *Hanford* v. *Mc-Nair*, 9 Wend. 56, it is said that the doctrine as it now prevails, may be stated as follows : "If a conveyance or any act is required. to be by deed, the authority of the agent or attorney to execute. it, must be conferred by deed. But if the instrument or act would be effectual without a seal, the addition of a seal will not render an authority under seal necessary and if executed under a parol authority or subsequently adopted or ratified by parol, the instrument or act will be valid and binding on the principal as a. simple contract." Hence, then, a good and sufficient consideration for the promise or agreement of the other party even if he. had not bound himself by deed.

But this discussion may be superfluous ; for, in any event, the defendant having well bound himself by an agreement under seal, is liable to an action for the breach of his covenant when he has had the full benefit of plaintiffs' performance.

There was some evidence tending to show that one of the leaks in the roof might have been produced by the carelessness of the plaintiffs' employees, in letting a piece of moulding, used for the construction of the belfry fall upon the roof, and thereupon defendant contended that there was contributory negligence on the part of the plaintiffs which would prevent the maintenance of this action and

excepts to instructions that the rule invoked by him would not apply to such a matter, and in substance, that, although the plaintiffs could not recover for a leak and damages thus caused, (or otherwise by their own negligence,) they would not be precluded thereby, from recovering for leakages elsewhere upon the roof, occasioned by causes for which the defendant would be responsible under his covenants. The instructions upon this topic were correct and carefully guarded.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.